## CAHOON *v.* ROBINSON.

A vendor of real estate has a lien on the same in the hands of the administrator of the purchaser, for the unpaid purchase money.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiff brings his action against the defendant as administrator of the estate of A. Frierson deceased, to foreclose a vendor's lien for the sum of $2,000 and interest on a promissory note of Frierson, given in part payment of the purchase money of certain lots in the city of Sacramento, and prays that said lots be sold, and the proceeds be applied to the payment thereof. The answer of defendant alleges the insolvency of Frierson's estate, and denies that plaintiff has a lien for the amount due on the note. The plaintiff demurred to the answer. The demurrer was sustained, and a decree entered as prayed for by plaintiff. Defendants appealed.

*Clark & Gass* for Appellant.

Cited Bailey v. Greenleaf, 7 Wheat., 46; 5 Cond. R., 229; Comp., Laws, 517, § 24; ib., 839, §12; ib., 200, § 6; Fish v. Howland, 1 Paige Ch. R., 20; Farwell v. Heelis, Ambl. 724.

*Crocker & Robinson* for Respondent.

Cited 2 Sugd. Vend., top page, 324, (857,) note 2; 2 Story Eq., §§ 789, 1216 to 1227; 4 Kent, 151; 1 Johns. Ch. R., 309; 1 Schoale & Lefroy, 132; 3 Paige R., 514; 3 Russell R., 488; 1 Paige R., 20; *1 How. & Johns., 106; 1 Mason C. C. R., 191; 5 J. J. Marsh, 145; 12 Leigh, 332, 344; 5 Munroe, 285; 7 Yerger, 9; 6 B. Munroe, 74, 76; 2 Peere Will., 291.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The only question involved in this case is, whether a vendor of real estate has a lien upon the same in the hands of an administrator, for the unpaid purchase money.

In the cases of Salmon v. Hoffman et al., and Truebody v. Jacobson, 2 Cal. Rep., the principle that the vendor has any equitable lien on the land sold for the purchase money, unless he has taken security for its payment, even if he has executed a conveyance, was firmly established, and it is too late now to question the authority of those decisions. In this connection, it is only necessary to remark, that it has been universally held, that the recital of payment in a deed is not conclusive, and that receiving the notes of the vendee, is not a merger of security or waiver of the lien. Having determined in favor of a lien as against the vendee, and that the same is not repugnant to the letter or spirit of our recording Act, what is there to alter the rule in the case of an administrator, who is the mere legal representative of the deceased, and who stands charged with the same equities and liabilities, with regard to the property, as he himself did in his lifetime? Why, if this claim could have been enforced in his lifetime, as against the interest of his creditors, does it lose its virtue or potency as against the same creditors after his death? I confess, I am unable to see any reason why the relation of the parties should be thus changed, or the security of the vendor impaired by the occurrence of an act which human prudence or foresight could not have averted.

The appellant relies on the case of Bailey v. Greenleaf, 7 Wheaton, 44, which to my mind has no bearing on this case. The question then decided, was that a vendor's lien cannot be asserted against creditors, holding under a *bona fide* conveyance from the vendee.

In the course of the investigation of this question, the learned Judge has thought proper to inquire, whether a lien can be asserted against the assignees of a bankrupt, or other creditors, coming in under the purchase by act of law; and an analogy is sought to be established in this case, between the assignees of a bankrupt and an administrator, as we think, without any similarity existing in fact.

The remarks of the Court, as to the necessity of the recordation of every species of equitable lien, are not without force, and were the question *res integra*, might influence our decision; but having been often determined by us before, we are bound by the doctrine of *stare decicis*.

Judgment affirmed.